UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JPMORGAN CHASE BANK, N.A.,**

      **Plaintiff,**

v.                                                Case No:   6:17-cv-1259-Orl-18GJK

**MACHINERY & PARTS EXPORT,
LLC, JOSEF POWELL, and RICHARD
M. POWELL,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEYS' FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 33)** |
| **FILED:** | **August 15, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.     BACKGROUND.**

On August 2, 2018, this Court issued an Order granting Plaintiff's Motion for Summary Judgment. Doc. No. 30. The underlying action was a collection action on a defaulted business line of credit loan with promissory notes and personal guarantees. Doc. Nos. 1, 18, 23-1, 30. The Court reserved jurisdiction to consider any timely requests by Plaintiff for an additional award of costs and reasonable attorneys' fees. Doc. No. 30 at 7.

Plaintiff filed a Motion for Attorneys' Fees and Costs and Supporting Memorandum of Law (the "Motion"). Doc. No. 33. Plaintiff attached the affidavit of Colleen E. Miller as the

primary billing attorney on the matter, a Bill of Costs, timesheets, and an affidavit as to reasonable attorneys' fees executed by Noel Robert Boeke, Esq.  Doc. Nos. 33-1, 34, 35.  The Bill of Costs were taxed and included in the judgment on August 30, 2018.  Doc. No. 35.

In its Motion, Plaintiff argues the loan documents executed by Defendant Machinery & Parts provide Plaintiff is entitled to reasonable attorneys' fees and costs in connection with any collection efforts related to the note and guaranty.  Doc. No. 33; Doc. Nos. 1, 1-1, 1-2, 1-3.  The Motion is unopposed.

## II.     ANALYSIS.

Plaintiff requests that it be award a total of $10,298.00 in attorneys' fees for bringing the collection action against Defendants.  Doc. No. 33 at 4.  In the Eleventh Circuit, the reasonableness of the attorneys' fees requested is generally determined using the familiar lodestar approach.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.  *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended.  *Id*.

Colleen Miller, Esq. and her paralegal Little Dawn Crazyriver performed work in bringing this suit and obtaining a final summary judgment.  *See* Doc. No. 33-1 at 2.  The chart below reflects the total amount of time Ms. Miller and Ms. Crazyriver spent and their requested hourly rates:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Colleen E. Miller | 11.6 | $230 | $2,668.00 |
| Colleen E. Miller[1] | 20 | $332 | $6,640.00 |
| **Paralegal** | **Hours** | **Rate** | |
| Little Dawn Crazyriver | 4.5 | $220.00 | $990.00 |
| **Total** | 36.1 | | **$10,298.00** |

Doc. No. 33-1 at 3.  Ms. Miller has practiced law for over ten years. Doc. No. 33-1 at 2.  Her customary hourly rate was $350.00 per hour prior to October 1, 2017, and $385.00 per hour after that date.  Doc. No. 33-1 at 2.  Ms. Miller worked at a reduced rate for this client and billed at $230.00 per hour prior to October 1, 2017, and $332.00 per hour for work completed on or after October 1, 2017.  Doc. No. 33-1 at 2.  Ms. Crazyriver billed at her firm rate of $220.00 per hour. Doc. No. 33-1 at 2.

Plaintiff concedes that the breach of note and guaranty action was not novel.  Doc. No. 33 at 4.  Plaintiff contends that the rates charged by counsel fall well within the range charged by attorneys of similar experience and expertise in such cases in the Middle District.  Doc. No. 33 at 4.  Plaintiff cites to *Hopkins Props., LLC v. Geddings*, 2013 WL 4413350, at *3-4 (M.D. Fla. July 22, 2013) and *Bank of America, N.A. v. Russo*, 2013 WL 12159326, at *3 (M.D. Fla. Sept. 12, 2013) in support of a reasonable rate.  In those cases the court found that $350, $375, and $450 were reasonable hourly rates in similar cases.  *Id.*  Further, Plaintiff notes that the client pays the reduced hourly rate that counsel seeks.  *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-

---

[1] Ms. Miller was promoted to partner on October 1, 2017 during the pendency of this action and her hourly rate increased as a result.

55 (11th Cir. 2000). Additionally, the Motion is unopposed, and "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." *See Santos v. URS Energy & Constr., Inc.*, 2015 U.S. Dist. LEXIS 100352, at *2 (M.D. Fla. July 14, 2015). Therefore, the undersigned finds the hourly rates requested and the hours expended are reasonable. Accordingly, it is **RECOMMENDED** that the Court award Plaintiff a total of $10,298.00 in reasonable attorney's fees.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 33) be **GRANTED**; and
2. The Court awards Plaintiff $10,298.00 in attorneys' fees against Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this matter.**

Recommended in Orlando, Florida on October 29, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy